**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 15, 2023

*Via Electronic Mail*
Alexander Holland
alexander.holland85@googlemail.com

*Via File & ServeXpress*
Karen Grelish
kgrelish@protonmail.com

RE: *In re AMC Entertainment Holdings, Inc. Stockholder Litigation,*
Consol. C.A. No. 2023-0215-MTZ

Dear Ms. Grelish and Mr. Holland:

I write to address the motions outstanding in this matter: Karen Grelish's submission titled "Motion for Reargument";[1] Alexander Holland's submission titled "Motion By Shareholder, Class Member, Objector Holland to Dismiss Lead Plaintiff Anthony Franchi from This Case and Install a New Lead Plaintiff Representative" (the "Class Representative Motion");[2] and Holland's submission titled "Motion for Judicial Recusal of the Judge" (the "Recusal Motion").[3]

I begin with Grelish's motion for reargument. Under Court of Chancery Rule 59(f), "[a] motion for reargument setting forth briefly and distinctly the grounds therefor may be served and filed within 5 days after the filing of the Court's opinion or the receipt of the Court's decision."[4] Grelish filed her motion on August 21, 2023.[5] It concerns my decision issued on August 11. Her motion is untimely and is denied on that basis.

---

[1] Docket Item ("D.I.") 649.

[2] D.I. 631.

[3] D.I. 666. Holland also filed a submission titled "Objector Holland's Letter to the Court Reminding Them of Their Inherent Judicial Power to Conduct an Investigation Pursuant to Article 4 of the Delaware Constitution, Chancery Rule 11 and Delaware's Judicial Code Rule 1.2." D.I. 628. I do not view this "Letter" as a motion, and therefore will not consider it as one.

[4] Ct. Ch. R. 59(f).

[5] D.I. 649.

The Class Representative Motion takes issue with Anthony Franchi's service as a class representative. This submission is, in substance, a belated objection to the proposed settlement, making it untimely. Regardless, the August 11 decision held that Franchi is an adequate class representative, and I rejected a similar argument made by another objector.[6] To the extent Holland wishes to challenge Franchi's adequacy, he must do so on appeal. The Class Representative Motion is denied.

Finally, I turn to the Recusal Motion. The Delaware Judges' Code of Judicial Conduct has codified the standard for disqualification based on a lack of neutrality or an apparent or actual conflict or bias.[7] Rule 2.11 governs disqualification, and provides in relevant part: "(A) A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where: (1) The judge has a personal bias or prejudice concerning a party."[8]

The Recusal Motion claims the existence of "an implicit connection of interests between the judge and the defendant Adam Aron" based on AMC Entertainment Holdings Inc. ("AMC") CEO Adam Aron's political donations to United States Senator for Delaware Chris Coons.[9] From there, Holland claims Senator Coons "is directly connected to" my "assignment" to this Court.[10] Holland is in error: I am a state court judge, not a federal judge, and I was appointed by Delaware's Governor and confirmed by Delaware's senate. To my knowledge, neither the United States Senate nor any of its members played any role in my appointment or confirmation.

---

[6] *In re AMC Ent. Hldgs., Inc. S'holder Litig.*, 2023 WL 5165606, at *10 (Del. Ch. Aug. 11, 2023).

[7] *See Meso Scale Diagnostics, LLC v. Roche Diagnostics GmbH*, 247 A.3d 229, 241–42 (Del. 2021).

[8] Code Jud. Con. R. 2.11 (formatting altered). The Recusal Motion relies on 28 U.S.C. § 455(a) and the Code of Judicial Conduct for United States Judges in arguing that a recusal is proper. Because the Court of Chancery is a state court, not a federal court, those standards are inapplicable, and I instead rely on Delaware's relevant standards.

[9] D.I. 666 ¶ 7.

[10] *Id.*

Holland also perceives various other flaws with the settlement and concludes that my approval of the proposed settlement notwithstanding those flaws reveals that I am not impartial.[11] He contends that I allowed the defendants in this matter to "continue with their hostile acts against AMC common stockholders" by permitting them to "move forward with a financial transaction that could be compared to 'nuclear warfare'";[12] that I ignored "scientific and mathematical proof" submitted by another purported AMC stockholder;[13] that I approved a settlement release that violated class members' Fourteenth Amendment rights;[14] and that I "abuse[d]" the Full Faith and Credit Clause of the United States Constitution by not requiring the settlement to include an opt-out right.[15] Holland's points may be grounds for appeal, but they are not grounds for recusal.

The Recusal Motion is denied.[16]

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc:   All Counsel of Record, via *File & ServeXpress*

---

[11] *Id.* ¶ 6.

[12] *Id.*

[13] *Id.* ¶ 3.

[14] *Id.* ¶ 8.

[15] *Id.* ¶ 9.

[16] The Recusal Motion also requests that I "consolidate the matter with another judge not related by political donations to the defendant Adam Aron." *Id.* at 7. Because the purported connection between Adam Aron and me is unfounded, this request is denied.